# Exhibit A- Proposed Order

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **MANDELBAUM BARRET PC**<br>Jeffrey M. Rosenthal<br>Vincent Roldan<br>3 Becker Farm Road, Suite 105<br>Roseland, New Jersey 07068<br>Telephone: (973) 736-4600<br>Facsimile: (973) 325-7467<br>JRosenthal@mblaw.com<br>VRoldan@mblaw.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in*<br>*Possession* | |
| In re:<br><br>FRANCESCA'S ACQUISITION, LLC, *et al.*<br><br>     Debtors.[1] | Chapter 11<br><br>Case No. 26-[●] ([●])<br><br>(Joint Administration Requested)<br>(Emergency Hearing Requested) |

# INTERIM ORDER
## (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through [fifty (50)], is

**ORDERED.**

---

[1]    The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Francesca's Acquisition, LLC (3616); Francesca's Operations, Inc. (6872); Francesca's Administrative Management, Inc. (5788); and Francesca's IP Company, Inc. (9588). The Debtors' service address is 8760 Clay Road, Suite 100, Houston, TX 77080.

(Page | 2)

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Upon the motion, dated February 5, 2026 (the "Motion"), of Francesca's Acquisition, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases"), seeking entry of an order (this "Interim Order") pursuant to sections 105, 361, 362, 363, 503, 506, 507 and 552 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6003, 6004, 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable Local Rules of the United States Bankruptcy Court District of New Jersey (the "Local Bankruptcy Rules"), for, *inter alia*, the following relief:

(i)     authorizing the Debtors to use the Prepetition Collateral (as defined herein), including all property constituting "Cash Collateral" as defined in section 363(a) of the Bankruptcy Code ("Cash Collateral") of the Prepetition Secured Parties under the Prepetition Loan Documents, and providing adequate protection to the Prepetition Secured Parties for any diminution in value, including resulting from the imposition of the automatic stay, the Debtors' use, sale, or lease of the Prepetition Collateral, including Cash Collateral, and, in the case of the Prepetition Secured Parties, the priming of their respective interests in the Prepetition Collateral (including by the Carve Out) pursuant to the terms and conditions set forth herein ("Diminution in Value");

(ii)    vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code solely to the extent necessary to implement and effectuate the terms and provisions of this Interim Order;

(iii)   scheduling a final hearing (the "Final Hearing") within 30 days of the Petition Date to consider the relief requested in the Motion on a final basis (the "Final Order") and approving the form of notice with respect to the Final Hearing; and

(iv)    granting such other and further relief as may be just and proper.

This United States Bankruptcy Court for the District of New Jersey (this "Court") having considered the Motion, the exhibits attached thereto, all pleadings related thereto, including the

2

(Page | 3)

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

declarations in support of the Motion, and arguments made at the interim hearing held by this Court on February 6, 2026 (the "Interim Hearing"); and pursuant to Bankruptcy Rule 4001 and the applicable Local Rule, due and sufficient notice of the Motion and the relief sought at the Interim Hearing having been given under the particular circumstances by the Debtors; and the Interim Hearing having been held and concluded; and all objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved or overruled by the Court; and it appearing that approval of the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending the Final Hearing, and otherwise is fair and reasonable and in the best interests of the Debtors, and is essential for the continued operation of the Debtors' businesses and the preservation of the value of the Debtors' assets; and after due deliberation and consideration, and good and sufficient cause appearing therefor;

**THIS COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[2]

A.    Petition Date.  On February 5, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B.    Joint Administration.    The Court entered an order approving the joint administration of these Chapter 11 Cases.

---

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as appropriate, pursuant to Bankruptcy Rule 7052.

(Page | 4)

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

C.      <u>Debtors in Possession</u>.   The Debtors have continued in the management and operation of their businesses and properties as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

D.      <u>Jurisdiction and Venue</u>.   This Court has core jurisdiction over these Chapter 11 Cases, the Motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.   Venue for these Chapter 11 Cases and proceedings on the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.   The Court may enter a final order consistent with Article III of the United States Constitution.   The predicates for the relief sought herein are sections 105, 361, 362, 363, 503, 506, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004, 9013 and 9014, and applicable Local Bankruptcy Rules.

E.      <u>Committee Formation</u>.   As of the date hereof, the United States Trustee for the District of New Jersey (the "<u>U.S. Trustee</u>") has not appointed an official committee of unsecured creditors in these Chapter 11 Cases (a "<u>Committee</u>").

F.      <u>Debtors' Stipulations</u>.   After consultation with their attorneys and financial advisors, the Debtors (subject to the limitations thereon contained in Paragraph 17 of this Interim Order), on their behalf and on behalf of their estates, admit, acknowledge, agree, and stipulate as follows:

(i)      *Cash Collateral.*   Any and all cash of the Debtors, wherever located and held, including but not limited to cash and other amounts on deposit or maintained in any bank account or accounts of the Debtors and any amounts generated by the collection of accounts receivable, the sale of inventory, or other disposition of the Prepetition Collateral (as defined below) existing as of the Petition Date or arising or acquired after the Petition Date, together with all proceeds of any of the foregoing, that constitutes or will constitute cash collateral within the meaning of section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>") of the Prepetition

| | |
|---|---|
| (Page \| 5) | |
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al*. |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Agents.  For the avoidance of doubt, Cash Collateral includes any proceeds from the sale or disposition of inventory or any other Prepetition Collateral.  Pursuant to section 363(c)(2) of the Bankruptcy Code, the Debtors are not able to use Cash Collateral without the Prepetition Agent's consent or this Court's authorization after notice and a hearing.  The Prepetition Agents are willing to consent to the Debtors' use of the Cash Collateral, expressly limited to, and conditioned upon, the terms and conditions specified in this Interim Order.

(ii)     *Prepetition Loan Facilities*.  Pursuant to that certain Credit Agreement, dated as of February 21, 2024 (as amended by that certain Fifth Forbearance Agreement and Seventh Amendment to Credit Agreement, dated as of February [___], 2026 (the "Fifth Forbearance Agreement"), and as further amended, restated, supplemented, or otherwise modified from time to time, the "Prepetition Credit Agreement," and collectively with the Loan Documents (as defined in the Prepetition Credit Agreement) and any other agreements and documents executed or delivered in connection with the Prepetition Credit Agreement, including, as each may be amended, restated, supplemented, waived or otherwise modified from time to time, the "Prepetition Loan Documents"), among (1) Francesca's Acquisition, LLC ("Francesca's"), Francesca's Operations, Inc., Francesca's IP Company, Inc., Francesca's Administrative Management, Inc. (collectively, the "Borrowers", and each, a "Borrower"), (2) non-Debtors Carla Ridge LLC, 2209 S. Santa Fe, LLC, and Simon Barlava, each as a limited recourse guarantor, (3) Tiger Finance, LLC, as administrative agent (in such capacity, the "Prepetition Administrative Agent") and collateral agent (in such capacity, the "Prepetition Collateral Agent"), and Second Avenue Capital Partners LLC, as funding agent (in such capacity, the "Prepetition Funding Agent", and tother with the Prepetition Administrative Agent and the Prepetition Collateral Agent, collectively, the "Prepetition Agents"), and (4) the lenders party thereto (the "Prepetition Lenders," and together with the Prepetition Agents and the other "Secured Parties" (as defined in the Prepetition Credit Agreement), collectively the "Prepetition Secured Parties"), the Prepetition Lenders provided a revolving credit facility in an aggregate principal amount of up to $40,000,000, a term loan facility in an aggregate principal amount of $4,500,000 and other financial accommodations to the Borrowers pursuant to the Prepetition Loan Documents (collectively, the "Prepetition Loan Facilities").

(iii)     *Prepetition Loan Obligations*.  As of the Petition Date, the aggregate principal amount outstanding under the Prepetition Loan Facilities was not less than approximately $[●], inclusive of not less than (i) $[●] in the aggregate outstanding principal amount of Committed Revolving Loans (as defined in the Prepetition Credit Agreement), consisting of (x) $[●] of Committed Revolving A Loans (as defined in the Fifth Forbearance Agreement), and (y) $[●] of Committed Revolving B Loans (as defined in the Fifth Forbearance Agreement) and which is the outstanding Prepayment Premium (as defined in the Prepetition Credit Agreement) due and owing under the Prepetition Credit Agreement, and (ii) $4,000,000 in the aggregate outstanding principal amount of the Term Loans (as defined in the Prepetition Credit Agreement) (the foregoing obligations and together with accrued and unpaid interest, any fees, expenses and disbursements

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

| (Page | 6) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

(including attorneys' fees, accountants' fees, auditor fees, appraisers' fees and financial advisors' fees, and related expenses and disbursements), indemnification obligations, guarantee obligations, and other charges, amounts and costs of whatever nature owing, whether or not contingent, whenever arising, accrued, accruing, due, owing, or chargeable in respect of any of the Borrowers' obligations pursuant to, or secured by, the Prepetition Loan Documents, including all "Obligations" as defined in the Prepetition Credit Agreement, and all interest, fees, prepayment premiums, costs and other charges allowable under section 506(b) of the Bankruptcy Code, collectively, the "Prepetition Loan Obligations"). The Debtors are jointly and severally indebted and liable to the Prepetition Secured Parties in respect of the Prepetition Loan Obligations under the Prepetition Loan Documents.

(iv)     *Prepetition Liens and Prepetition Collateral.*  As more fully set forth in the Prepetition Loan Documents, prior to the Petition Date, the Borrowers granted to the Prepetition Collateral Agent, for the benefit the Prepetition Secured Parties, senior first-priority liens on and security interests in (the "Prepetition Liens") substantially all of their assets, including all proceeds thereof, whether then owned and existing or thereafter acquired or arising, as provided for in the Prepetition Loan Documents (the "Prepetition Collateral").

(v)     *Validity, Perfection, and Priority of Prepetition Liens and Prepetition Loan Obligations*.  The Debtors acknowledge and agree that as of the Petition Date (1) the Prepetition Liens on the Prepetition Collateral were valid, binding, enforceable, non-avoidable, and properly perfected and were granted to, or for the benefit of, the Prepetition Secured Parties for fair consideration and reasonably equivalent value; (2) the Prepetition Liens were senior in priority over any and all other liens on the Prepetition Collateral, subject only to certain liens senior by operation of law (solely to the extent such liens were valid, non-avoidable, and senior in priority to the Prepetition Liens as of the Petition Date and properly perfected prior to the Petition Date or perfected subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code) or otherwise permitted by the Prepetition Loan Documents (the "Prepetition Prior Liens")[3]; (3) the Prepetition Obligations constitute legal, valid, binding, and non-avoidable obligations of the Debtors enforceable in accordance with the terms of the applicable Prepetition Loan Documents; (4) no offsets, recoupments, challenges, objections, defenses, claims, or counterclaims of any kind or nature to any of the Prepetition Liens or Prepetition Loan Obligations exist, and no portion of the Prepetition Liens or Prepetition Loan Obligations is subject to any challenge or defense

---

[3] For the avoidance of doubt, nothing herein shall constitute a finding or ruling by this Court that any alleged Prepetition Prior Lien is valid, senior, enforceable, prior, perfected, or non-avoidable.  Moreover, nothing shall prejudice the rights of any party-in-interest, including, but not limited to the Debtors, the Prepetition Secured Parties, or a Committee (if appointed), to challenge the validity, priority, enforceability, seniority, avoidability, perfection, or extent of any alleged Prepetition Prior Lien. The right of a seller of goods to reclaim such goods under section 546(c) of the Bankruptcy Code is not a Prepetition Prior Lien, rather, any such alleged claim arising or asserted as a right of reclamation (whether asserted under section 546(c) of the Bankruptcy Code or otherwise) shall have the same rights and priority with respect to the Prepetition Liens as such claims had on the Petition Date.

6

| (Page | 7) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

including avoidance, disallowance, disgorgement, recharacterization, or subordination (equitable or otherwise) pursuant to the Bankruptcy Code or applicable non-bankruptcy law; (5) the Debtors and their estates have no claims, objections, challenges, causes of action, and/or choses in action, including avoidance claims under Chapter 5 of the Bankruptcy Code or applicable state law equivalents or actions for recovery or disgorgement, against any of the Prepetition Secured Parties, their affiliates or any of their and their affiliates' respective successors, assigns, subsidiaries, parents, officers, shareholders, equity holders (direct or indirect), directors, employees, agents, and advisors (including attorneys, accountants and experts), past, present and future, and their respective heirs, predecessors, successors and assigns (collectively, the "Related Parties") arising out of, based upon or related to the Prepetition Loan Facility, the Prepetition Loan Documents and/or the transactions contemplated hereunder or thereunder; (6) the Debtors have waived, discharged, and released any right to challenge any of the Prepetition Loan Obligations, the priority of the Debtors' obligations thereunder, and the validity, extent, and priority of the liens securing the Prepetition Loan Obligations; and (7) the Prepetition Loan Obligations constitute allowed, secured claims within the meaning of sections 502 and 506 of the Bankruptcy Code.

(vi)    *Release of Claims.*   Subject to and effective upon entry of a Final Order granting such relief, the Debtors and their estates, on their own behalf and on behalf of their respective predecessors, successors, heirs, anyone who can claim on behalf of or through the Debtors and their estates, and past, present, and future subsidiaries and assigns (the "Debtor Releasors"), without prejudice to the rights of parties-in-interest other than the Debtors to a Challenge (as defined below) with respect to the Prepetition Liens or the Prepetition Loan Obligations only as set forth in Paragraph 17 hereof, shall be deemed to have absolutely and unconditionally released, waived, and forever discharged and acquitted the Prepetition Secured Parties and their Related Parties (the "Lender Releasees") from any and all "claims" (as defined in the Bankruptcy Code), counterclaims, demands, debts, accounts, contracts, liabilities, causes of action (including causes of action in the nature of "lender liability"), defenses, setoff, recoupment, other offset rights and other rights of disgorgement or recovery of any kind, nature or description, whether known or unknown, foreseen or unforeseen or liquidated or unliquidated, arising in law or equity or upon contract or tort or under any state or federal law or otherwise (collectively, the "Released Claims") against any and all of the Lender Releasees, whether arising at law or in equity, relating to and/or otherwise in connection with the Prepetition Liens, the Prepetition Loan Obligations, the Prepetition Loan Documents, or the debtor-creditor relationship between any of the Prepetition Secured Parties, on the one hand, and the Debtors, on the other hand, including, without limitation, (1) any recharacterization, subordination, avoidance, disallowance or other claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state law, federal law, municipal law or foreign law and (2) any right or basis to challenge or object to the amount, validity, priority or enforceability of the Prepetition Loan Obligations or any payments or other transfers made on account of the Prepetition Loan Obligations, or the validity, enforceability, priority, or non-avoidability of the Prepetition Liens securing the Prepetition Loan Obligations, including any right or basis to seek any

| | |
|---|---|
| (Page \| 8) | |
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al*. |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

disgorgement or recovery of payments of cash or any other distributions or transfers previously received by any of the Lender Releasees, in each case, that any of the Debtor Releasors at any time had, now have or may have, against any of the Lender Releasees for or by reason of any act, omission, matter, cause or thing whatsoever arising at any time on or prior to the date of this Interim Order, whether such Released Claims are matured or unmatured or known or unknown.

(vii)    *Default by the Debtors.* The Debtors acknowledge and stipulate that they have been, since July 5, 2025, and continue to be, in default of their obligations under the Prepetition Loan Documents, and that Events of Default (as defined in the Prepetition Credit Agreement) have occurred under the Prepetition Loan Documents, and that since January 8, 2026, interest has accrued, and will continue to accrue, on the Prepetition Loan Obligations (other than Committed Revolving B Loans), at the default rate set forth in the Prepetition Loan Agreement.

(viii)    *Consulting Agreement with the Liquidation Consultant*. Pursuant to that certain Consulting Agreement, dated as of January [16], 2026, by and among Tiger Capital Group, LLC, SB360 Capital Partners, LLC and GA Retail Solutions, LLC (collectively, the "Liquidation Consultant"), and certain of the Debtors (as amended, restated or otherwise modified from time to time, the "Liquidation Consulting Agreement"), the Debtors have retained the Liquidation Consultant to conduct "Going Out of Business" sales at all of the Debtors' retail store locations (the "GOB Sales"). The continued existence and validity of the Liquidation Consulting Agreement and the uninterrupted continuation of the GOB Sales contemplated thereby is a condition to the consent of the Prepetition Agents to this Interim Order and the Debtors' use of Cash Collateral hereunder.

G.    <u>Necessity of Relief Requested; Immediate and Irreparable Harm</u>. The Debtors

requested entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) on the terms

described herein. The Debtors have an immediate need to use the Cash Collateral to, among other

things, preserve and maximize the value of the assets of each Debtor's bankruptcy estate (as

defined under section 541 of the Bankruptcy Code, the "Estate") in order to maximize the recovery

to all creditors of the Estates, absent which immediate and irreparable harm will result to the

Debtors, their Estates, and their stakeholders. Absent the Debtors' ability to use Cash Collateral,

the Debtors would not have sufficient available sources of working capital or financing and would

be unable to pay their payroll and other operating expenses, or maintain their assets to the detriment

| (Page | 9) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

of their Estates and creditors. Accordingly, the relief requested in the Motion and the terms set forth herein are (i) critical to the Debtors' ability to maximize the value of the Estates, (ii) in the best interests of the Debtors and their Estates, and (iii) necessary, essential, and appropriate to avoid immediate and irreparable harm to the Debtors and their Estates, stakeholders, assets and employees.

H.     <u>Adequate Protection</u>. Each of the Prepetition Secured Parties are entitled to the adequate protection provided in this Interim Order pursuant to sections 361, 362 and 363 of the Bankruptcy Code. Based on the Motion, the First Day Declaration and the record and argument presented to the Court at the Interim Hearing, the terms of the proposed adequate protection arrangements and of the use of the Prepetition Collateral, including the Cash Collateral, pursuant to this Interim Order and the Budget are consistent with the Bankruptcy Code, fair and reasonable, reflect the Debtors' prudent exercise of business judgment and constitute reasonably equivalent value and fair consideration for the use of Cash Collateral.

I.     <u>Sections 506(c) and 552(b) of the Bankruptcy Code</u>. Without prejudice to the rights of parties in interest to object to entry of the Final Order, in consideration for the Prepetition Secured Parties' agreements (a) to subordinate the Adequate Protection Superpriority Claim (as defined below), the Adequate Protection Liens (as defined below), and the Prepetition Liens to the Carve Out (as defined below) and (b) to permit the Debtors' the use of Cash Collateral to fund the Budget (as defined below), in each case solely to the extent set forth in this Interim Order, the Prepetition Secured Parties are entitled, upon entry of the Final Order, to the benefits of a waiver

9

| (Page \| 10) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

of: (i) the provisions of section 506(c) of the Bankruptcy Code, and (ii) any "equities of the case" claims under section 552(b) of the Bankruptcy Code.

J.  <u>Good Cause</u>.  Good cause has been shown for immediate entry of this Interim Order, and the entry of this Interim Order is in the best interests of the Debtors, the Estates and their stakeholders. Among other things, the relief granted herein will minimize disruption of the Debtors' business and permit the Debtors to meet payroll and other expenses necessary to maximize the value of the Estates.  The terms of the Debtors' use of Cash Collateral and proposed adequate protection arrangements, as set forth in this Interim Order, are fair and reasonable under the circumstances and reflect the Debtors' exercise of prudent business judgment consistent.

K.  <u>Good Faith</u>. The Debtors' use of Cash Collateral in accordance with the terms hereof has been negotiated in good faith and at arms'-length among the Debtors and the Prepetition Agents, and the consent of the Prepetition Agents to the Debtors' use of Cash Collateral in accordance with the terms hereof shall be deemed to have been made in "good faith."  The Prepetition Secured Parties have acted in good faith regarding the Debtors' continued use of the Prepetition Collateral (including Cash Collateral), including the granting of the Adequate Protection Liens and other adequate protection hereunder, and the Prepetition Secured Parties (and their respective successors and assigns) shall be entitled to the full protection of sections 363(m) and 364(e) of the Bankruptcy Code in the event that this Interim Order or any provision hereof is vacated, reversed, or modified, on appeal or otherwise.

L.  <u>Adequate Notice of Interim Hearing</u>.  On February [5], 2026 the Debtors filed the Motion with this Court, pursuant to Bankruptcy Rules 2002, 4001, 9013 and 9014 and all

| | |
|---|---|
| (Page \| 11) | |
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

applicable Local Bankruptcy Rules, and provided notice of the Motion and the Interim Hearing to the following parties and/or their respective counsel as follows: (i) the U.S. Trustee, (ii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, (iii) the Prepetition Agents, (iv) the Prepetition Lenders and (v) any other necessary parties pursuant to Local Rule 9013-5(c). The notice given by the Debtors of the Motion, the relief requested therein and the Interim Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the applicable Local Bankruptcy Rules.

M.     The Debtors have prepared and delivered to the advisors to the Prepetition Agents a Budget (as defined herein). The Debtors believe that the Budget is reasonable under the circumstances. In determining to allow the use of Cash Collateral, under this Interim Order, the Prepetition Secured Parties are relying, in part, upon the Debtors' agreement to comply with the Budget, subject to Permitted Variance under, and to the extent required.

N.     <u>Immediate Entry</u>.  The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2).  Absent the granting of the relief set forth in this Interim Order, the Debtors will be immediately and irreparably harmed.  Entry of this Interim Order is in the best interests of the Debtors and their Estates because it will, among other things, allow the Debtors to continue to operate and thereby maximize the value of their Estates.

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED that**:

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

(Page | 12)

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

1.    <u>Motion Granted</u>.  The Motion is granted on an interim basis as set forth herein. The use of Cash Collateral on an interim basis is authorized subject to the terms and conditions set forth in the Budget and this Interim Order. Any objection to the entry of this Interim Order, to the extent not withdrawn, waived or resolved, is hereby overruled.

2.    <u>Authorization to Use Cash Collateral</u>. The Debtors are authorized, but not directed, on an interim basis to use Cash Collateral solely in accordance with and to the extent set forth in the Budget (as defined below) and this Interim Order during the period commencing on the date of this Interim Order through the Termination Date (as defined below) (the "<u>Cash Collateral Period</u>") in an amount not to exceed (subject to the Permitted Variance (as defined below)) at any time (i) with respect to "Operating Disbursements", the line items and the aggregate amount of disbursements each as projected in the "Operating Disbursements" line items of the Budget (the "<u>Projected Operating Disbursements</u>") and (ii) with respect to "Non-Operating Disbursements", the line items and the aggregate amount of disbursements projected in the "Non-Operating Disbursements," line items of the Budget, in each case from the Petition Date through the date of measurement (as applicable, the "<u>Cash Collateral Amount</u>").

3.    <u>Budget</u>

(a)    The Debtors may use Cash Collateral during the Cash Collateral Period, subject to Paragraph 3(e) herein, up to the applicable Cash Collateral Amount only to pay the amount and type of expenses set forth in the cash collateral budget attached as **Exhibit A** hereto (as the same may be modified, amended, extended, and updated from time to time with the prior written consent of the Prepetition Agents, the "<u>Budget</u>") during the periods covered by the Budget

(Page | 13)

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

in which such expenses are projected to be paid.  The Budget depicts, on a weekly basis and line item basis (i) projected cash receipts, (ii) projected operating and non-operating disbursements (including ordinary course operating expenses, non-operating expenses, bankruptcy-related expenses (including professional fees of the Debtors' professionals and advisors), asset sales and any other fees and expenses), and (iii) net cash flow, for the first approximately five (5)-week period from the Petition Date.  Each subsequent Budget delivered to the Prepetition Agents for any period beginning on or after the first five (5)-week period from the Petition Date shall be in form and substance satisfactory to the Prepetition Agents, in their sole discretion, accompanied by such customary supporting documentation as reasonably requested by the Prepetition Agents and shall be prepared in good faith based upon assumptions the Debtors believe to be reasonable at the time of delivery.  A copy of any Budget, once approved by the Prepetition Agents, shall be delivered by the Debtors simultaneously to the counsel for a Committee (if appointed) and the U.S. Trustee and filed with the Court.  All Cash Collateral must be used strictly in accordance with the terms of the Budget, subject to the Permitted Variance, as permitted by this Interim Order or agreed to in writing by the Prepetition Agents.

(b)     Not later than 11:59 p.m. (prevailing Eastern Time) on Thursday, February [12], 2026, and each Thursday thereafter, the Debtors shall furnish to the Prepetition Agents and any statutory committees appointed in these cases a weekly report (the "Budget Compliance Report") that sets forth, as of the preceding Saturday of such week, for the prior week and on a cumulative basis from the first date of the Budget (such period, the "Cash Flow Measurement Period"), the actual results for each line item set forth in the Budget.

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

(c)      The Debtors shall be deemed in compliance with the Budget to the extent that the actual "Net Cash Flow" for such Cash Flow Measurement Period is no less than 92.5% of the projected "Net Cash Flow" and the actual "Operating Disbursements" is no more than 110% of the projected "Operating Disbursements" for such Cash Flow Measurement Period (the "Permitted Variance").

(d)      Borrowing Base.  Until the Prepetition Loan Obligations are Paid in Full, the Debtors shall at all times maintain actual Minimum Availability (as such term is defined in the Prepetition Credit Agreement) in an amount not less than $1,000,000.  Further, a Borrowing Base Certificate shall be updated and delivered weekly in accordance with the requirements of the Prepetition Credit Agreement, by not later than Thursday of each week starting on February [12], 2026, substantially in the form attached hereto as **Exhibit B**.

(e)      The Prepetition Agents, in their sole discretion, may agree in writing (which writing may be in e-mail) to the use of the Cash Collateral (i) in a manner or amount which does not conform to the Budget (other than the Permitted Variance) (each such approved non-conforming use of Cash Collateral, a "Non-Conforming Use") or (ii) for a period following the Termination Date pursuant to Paragraph 5 of this Interim Order (such period, the "Subsequent Budget Period").  If such written consent is given by the Prepetition Agents, the Debtors shall be authorized pursuant to this Interim Order to expend Cash Collateral for any such Non-Conforming Use or any such Subsequent Budget Period in accordance with a subsequent Budget (a "Subsequent Budget") without further Court approval, and the Prepetition Agents and the other Prepetition Secured Parties, shall be entitled to all of the protections specified in this Interim Order

14

| (Page | 15) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

for any such use of Cash Collateral; *provided* that each such permitted Non-Conforming Use shall be deemed a modification to the Budget for all testing purposes. The Debtors shall provide notice of any Non-Conforming Use, Subsequent Budget Period and Subsequent Budget to the U.S. Trustee and counsel to the Committee (if appointed).

(f)    During any Remedies Notice Period (as defined herein), the Debtors may only use Cash Collateral to pay the following amounts and expenses solely in accordance with the respective Budget line items in the amounts set forth in the Budget for the week in which such Remedies Notice Period occurs: (i) the Post-Carve Out Reserve (as defined herein); (ii) obligations for unpaid and accrued payroll and payroll taxes; (iii) sales taxes; and (iv) any such other critical and necessary obligations to prevent irreparable harm subject to the prior written consent (which written consent may be in e-mail) of the Prepetition Agents.

4.    <u>Carve Out</u>.

(a)    As used in this Interim Order, the "<u>Carve Out</u>" shall be comprised of the following components:

(i)    <u>Clerk and U.S. Trustee Fees</u>. All fees required to be paid to the Clerk of this Court and to U.S. Trustee under section 1930(a) of title 28 of the United States Code and 31 U.S.C. § 3717, including any interest accrued upon such fees as required by law, which shall not be limited by any budget (collectively, the "<u>Clerk and UST Fees</u>");

(ii)    <u>Chapter 7 Trustee</u>. In the event of a conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, allowed fees and expenses incurred by a trustee and any professional retained by such trustee under section 726(b) of the Bankruptcy Code, in an aggregate amount not to exceed $50,000 (the "<u>Chapter 7 Trustee Fees</u>"); and

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

(Page | 16)

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

(iii)     Allowed Professional Fees Incurred Prior to a Carve-Out Trigger Notice.  To the extent allowed at any time, whether by interim order, procedural order, or otherwise, all unpaid fees and expenses, of any Professional (as defined below) of the Debtors and any Committee (if appointed) other than any restructuring, sale, success, or other transaction fee of such Professionals (the "Allowed Professional Fees"), not to exceed the lesser of (x) the actual amounts of such fees and expenses, and (y) the aggregate amounts set forth for all Professionals in the Budget (exclusive of the Permitted Variance) for such period, incurred by counsel or financial advisors retained by the Debtors or any Committee (if appointed) pursuant to section 327, 328, 363 or 1103 of the Bankruptcy Code (the "Professionals") at any time before or on the first business day following delivery by the Prepetition Agents of the Carve Out Trigger Notice (exclusive of any "success" or other similar fee).  For purposes of the foregoing, "Carve Out Trigger Notice" shall mean a written notice delivered by email (or other electronic means) by the Prepetition Agents to lead counsel for the Debtors, the U.S. Trustee and any Committee (if appointed), which notice (x) may be delivered following the occurrence and during the continuation of a Termination Event and (y) may be delivered following (1) the sale of all or substantially all of the Debtors' assets, or (2) all Prepetition Loan Obligations having been Paid in Full, stating that the Post-Carve Out Reserve (as defined below) has been invoked.  For the avoidance of doubt, and subject to paragraph 16 hereof, no portion of the Carve Out shall be utilized for the payment of professional fees and disbursements incurred in connection with any challenge to or affirmative claim with respect to (a) the amount, extent, priority, validity, perfection or enforcement of the indebtedness of the Debtors owing to the Prepetition Secured Parties or any of their Related Parties, (b) liens or security interests in the collateral securing such indebtedness, including challenges to the perfection, priority or validity of the liens granted in favor of the Prepetition Secured Parties or any of their affiliates with respect thereto, or (c) any claim against the Prepetition Secured Parties.

(b)     Carve-Out Reserves.

(i)     On or before the Thursday of each week, the Debtors shall utilize cash on hand as of such date (and, if necessary, any available cash thereafter held by any Debtor) to fund (a) a reserve account in an amount equal to the amount of Allowed Professional Fees for the Debtors' Professionals set forth in the Budget for that week (the "Debtor Pre-Carve Out Reserve") and (B) a reserve account in an amount equal to the amount of Allowed Professional

16

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Fees for any Committee Professionals set forth in the Budget for that week (the "Committee Pre-Carve Out Reserve" and, together with the Debtor Pre-Carve Out Reserve, the "Pre-Carve Out Reserves").  To the extent that actual fees and expenses of the Debtors' Professionals (excluding any restructuring, sale, success, or other transaction fee of the Debtors' Professionals) exceed the amounts Budgeted for such Professionals for any week, then, upon written notice to the Prepetition Agents (which writing may be by e-mail), such excess fees and expenses may be applied against any budgeted amounts for any previous periods for which such Professionals are under Budget. The Debtors shall deposit and hold each of the Pre-Carve Out Reserves in a separate, segregated account in trust to pay Allowed Professional Fees for the Debtors' Professionals and the Committee's Professionals from the applicable Pre-Carve Out Reserve, prior to any and all other claims, and all payments of Allowed Professional Fees incurred prior to the Termination Date (as defined below) shall be paid first from the applicable Pre-Carve Out Reserve.  All such funds shall remain property of the Debtors unless and until they are paid to the professional after Court approval of a fee application seeking approval of the same.

(ii)    On the Termination Date (as defined below), the Debtors shall utilize cash on hand as of such date (and, if necessary, any available cash thereafter held by any Debtor) to fund (A) additional amounts to the Debtors' Pre-Carve Out Reserve in an amount equal to the sum of (x) the amounts set forth in paragraphs 4(a)(i) and 4(a)(ii), above, plus (y) an amount equal to the aggregate prorated amount of Allowed Professional Fees for Debtors' Professionals in the Budget for such week if not already funded pursuant to (b)(i) above; and (B) additional amounts to the Committee's Pre-Carve Out Trigger Reserve in an amount equal to the aggregate

| (Page | 18) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

prorated amount of Allowed Professional Fees for Committee's Professionals in the Budget for such week if not already funded pursuant to (b)(i) above; and (C) a separate segregated reserve account in an amount not to exceed $[125,000] (the "Post-Carve Out Reserve" and, together with the Pre-Carve Out Reserves, collectively the "Carve Out Reserves"), which amounts shall be held to pay any Allowed Professional Fees incurred after the first business day following delivery of the Carve Out Trigger Notice by the Prepetition Agents, to the extent allowed at any time whether by interim order, procedural order or otherwise, subject to the terms and conditions contained in this Interim Order.

(c)     Application of Carve Out Reserves.

(i)      All funds in the Pre-Carve Out Reserves shall be used first to pay the obligations set forth in paragraphs (a)(i) through (a)(iii) of the definition of Carve Out set forth above, but not, for the avoidance of doubt, any Allowed Professional Fees incurred on or after the Termination Date.  If the Pre-Carve Out Reserve has not been reduced to zero following the payment of all obligations set forth in paragraphs (a)(i) through (a)(iii) of the definition of Carve Out incurred on or before the Termination Date, then all remaining funds shall be distributed (x) first to the Prepetition Agents for the benefit of themselves and the other Prepetition Secured Parties until all Prepetition Loan Obligations have been Paid in Full,[4] and (y) thereafter any excess

---

[4]  All references to "payment in full" or "Payment in Full" or "paid in full" or "Paid in Full" with respect to the Prepetition Loan Obligations mean the indefeasible repayment in full in cash of all obligations (including principal, interest, fees, prepayment premiums, expenses, indemnities, and all other "Obligations" (as defined in the Prepetition Credit Agreement), other than contingent indemnification obligations for which no claim has been asserted), in accordance with the terms of the Prepetition Credit Agreement. The Prepetition Loan Facility shall not be deemed to have been Paid in Full until such time as, (a) the commitments to lend thereunder have been terminated, (b) with respect to the Prepetition Loan Obligations (i) the Challenge Period (as defined in Paragraph [17] of this Interim

| (Page | 19) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al*. |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

shall be paid to the Debtors' creditors in accordance with their rights and priorities as of the Petition Date.

(ii)    All funds in the Post-Carve Out Reserve shall be used first to pay the Allowed Professional Fees incurred after the first day following the delivery of a Carve Out Trigger Notice.  If the Post-Carve Out Reserve has not been reduced to zero following the payment of all Allowed Professional Fees incurred after the date of the Carve Out Trigger Notice, then all remaining funds shall be distributed (x) first, to the Prepetition Agents for the benefit of themselves and the other Prepetition Secured Parties until all Prepetition Loan Obligations have been Paid in Full, and (y) thereafter any excess shall be paid to the Debtors' creditors in accordance with their rights and priorities as of the Petition Date.

(d)    For the avoidance of doubt, the Carve Out shall be senior to all liens and claims securing the Prepetition Collateral, the Adequate Protection Liens, and any party's claims under section 507(b) of the Bankruptcy Code, as well as any and all other forms of adequate protection, liens, or claims securing the Prepetition Loan Obligations, in each case solely to the extent provided herein.

(e)    No Direct Obligation to Pay Allowed Professional Fees. Neither the Prepetition Agents nor any other Prepetition Secured Party shall be responsible for the payment or reimbursement of any fees or disbursements of any Professional incurred in connection with the

---

Order) shall have expired without the timely and proper commencement of a Challenge or (ii) if a Challenge is timely and properly asserted prior to the Challenge Deadline, upon the final, non-appealable disposition of such Challenge; and (c) the Prepetition Agents have received (i) a countersigned payoff letter in form and substance satisfactory to the Prepetition Agents and (ii) releases in form and substance satisfactory to the Prepetition Agents, each in their sole discretion.

| (Page \| 20) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al*. |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Cases or any successor cases under any chapter of the Bankruptcy Code.  Nothing in this Interim Order or otherwise shall be construed to oblige any Prepetition Secured Party in any way, to pay compensation to, or to reimburse expenses of, any Professional or to guarantee that the Debtors have sufficient funds to pay such compensation or reimbursement.  Payment from the Carve Out, whether by or on behalf of the Prepetition Agents or other Prepetition Secured Parties, shall not and shall not be deemed to reduce the Prepetition Loan Obligations, and shall not and shall not be deemed to subordinate any of any of the Prepetition Agents' or other Prepetition Secured Parties' liens and security interests in the Prepetition Collateral, any other Collateral (as defined below), the Adequate Protection Superpriority Claim (as defined below) to any junior pre- or post-petition lien, interest or claim in favor of any other party. Nothing in this Paragraph 4 shall be construed to oblige the Prepetition Agents or any other Prepetition Secured Party in any way, to directly pay compensation to or to reimburse expenses of any Professional, or to ensure or guarantee that the Debtors have sufficient funds to pay such compensation or reimbursement.  Nothing herein, including the inclusion of line items in the Budget for Professionals, shall be construed as consent to the allowance of any particular professional fees or expenses of the Debtors, the Committee, or of any other person or shall affect the right of the Prepetition Agents, and any of the other Prepetition Secured Parties to object to the allowance and payment of such fees and expenses. Furthermore, nothing in this Interim Order or otherwise shall be construed to increase the Carve

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

| (Page | 21) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Out if allowed fees and/or disbursements are higher in fact than the amounts subject to the Carve Out as set forth in this Interim Order.

(f)     Payment of Carve Out.  Any payment or reimbursement made in respect of any Allowed Professional Fees after the Termination Date shall permanently reduce the Carve Out on a dollar-for-dollar basis.

5.     Termination Date.  Immediately upon written notice by the (i) Prepetition Agents (at all times prior to Payment in Full in cash of all Prepetition Loan Obligations), to the lead counsel for the Debtors, the U.S. Trustee, and, if appointed, any Committee that a Termination Event (as defined below) has occurred and is continuing and that the Post-Carve Out Reserve has been invoked (the date such notice is delivered, the "Termination Date"), the Debtors' authorization, and the Prepetition Agents' consent for the Debtors' use of Cash Collateral pursuant to this Interim Order shall terminate subject to paragraph 11(c) herein.  Each of the following events shall be a "Termination Event":

(a)     the Debtors' failure to satisfy any of the Milestones (defined below), unless otherwise consented to by the Prepetition Agents;

(b)     the entry of an order of this Court terminating, reversing, adversely amending, supplementing, staying, or vacating any material provisions of this Interim Order, without the prior written consent of the Prepetition Agents;

(c)     the appointment in any of the Cases of a trustee or an examiner with expanded powers, without the prior written consent of the Prepetition Agents;

(d)     a filing by any Debtor or any person, who has obtained a Court order granting standing,[5] of any motion, pleading, application, or adversary proceeding challenging the validity, enforceability, perfection or priority of the liens securing the Prepetition Loan Obligations

21

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

or asserting any other cause of action against and/or with respect to the Prepetition Credit Agreement or any other Prepetition Loan Document, the Collateral (as defined below), the Prepetition Agents, or any of the other Prepetition Secured Parties (or if the Debtors support any such motion, pleading, application, or adversary proceeding commenced by any other party);

    (e)    the dismissal of any of the Cases or the conversion of any of the Cases to a case under chapter 7 of the Bankruptcy Code, without the prior written consent of the Prepetition Agents;

    (f)    the failure of the Debtors to perform, in any material respect, any of the terms, provisions, conditions, covenants, or obligations under this Interim Order, unless otherwise consented to by the Prepetition Agents;

    (g)    failure by the Debtors to comply with the Budget, subject to the Permitted Variance, unless otherwise consented to by the Prepetition Agents;

    (h)    failure by the Debtors to deliver a Borrowing Base Certificate (that is not cured within one business day) compliant with the requirements of this Interim order and the Prepetition Loan Documents, unless otherwise consented to by the Prepetition Agents;

    (i)    in the event that Curt Kroll, of Sierra Constellation Partners, is not the chief financial officer (the "CFO") or another person acceptable to the Prepetition Agents and the Debtors is not the CFO;

    (j)    in the event that Drew Baird, of Lochrie Capital Partners, or another person acceptable to the Prepetition Agents and the Debtors in their sole discretion, is not the independent director or manager serving on the board of managers (or an equivalent governing body) of each Debtor and the sole member of the restructuring committee of the board of each Debtor, which committee shall have sole authority over all matters relating to the conduct of the Chapter 11 Cases, any asset sale and all other matters attendant thereto;

    (k)    the payment of, or application by the Debtors for authority to pay, any prepetition claim unless in accordance with the Budget, without the prior written consent of the Prepetition Agents (which consent may be delivered by e-mail);

    (l)    the failure by any Debtor to deposit all cash collections to the applicable collection account(s) under the Debtors' cash management system, unless otherwise consented to by the Prepetition Agents (which consent may be delivered by e-mail);

    (m)    the failure by the Debtors to pay down the Prepetition Loan Obligations consistent with the Budget and this Interim Order, unless otherwise consented to by the Prepetition

(Page | 23)

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Agents (which consent may be delivered by e-mail);

(n)     any material misrepresentation by any Debtor in the financial reporting, certifications or Borrowing Base Certificate to be provided by the Debtors to the Prepetition Agents under the Prepetition Loan Documents and/or this Interim Order;

(o)     the failure by the Debtors to provide any additional adequate protection to the Prepetition Secured Parties ordered by the Court and such failure shall continue unremedied for more than three (3) business days after written notice thereof, unless otherwise consented to by the Prepetition Agents;

(p)     the entry of an order by the Court terminating or modifying the exclusive right of any Debtor to file a plan pursuant to section 1121 of the Bankruptcy Code, without the prior written consent of the Prepetition Agents;

(q)     any of the Debtors propose, support, or file any chapter 11 plan or sale of all or substantially all of any Debtor's assets or entry of any order confirming any such plan or sale that is not conditioned on the Payment in Full on the effective date of such plan or sale without the prior written consent of the Prepetition Agents;

(r)     the entry of an order in the Chapter 11 Cases charging any of the Prepetition Collateral (as defined below) under section 506(c) or limiting the extent or priority of the liens in favor of the Prepetition Agents pursuant to section 552(b) of the Bankruptcy Code or the commencement of other actions that are materially adverse to any of the Prepetition Agents or Prepetition Secured Parties or their respective rights and remedies under the Prepetition Loan Documents in the Chapter 11 Cases;

(s)     the obtaining after the Petition Date of credit or the incurring of indebtedness that is, in each case, (A) secured by a security interest, mortgage or other lien on all or any portion of the Collateral (as defined below) that is equal or senior in priority to any security interest, mortgage or other lien of the Prepetition Agents, including, without limitation, any Adequate Protection Liens; or (B) entitled to priority administrative status that is equal or senior in priority to that granted to the Prepetition Agents, including, without limitation, the Adequate Protection Superpriority Claim, without the prior written consent of the Prepetition Agents;

(t)     the termination, discontinuation or suspension of the GOB Sales under the Liquidation Consulting Agreement at any of the Debtors' store locations or through any of their e-commerce platforms (other than on account of the conclusion of the GOB Sales at any such

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al*. |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

location in accordance with the terms of the Liquidation Consulting Agreement), without the prior written consent of the Prepetition Agents;

(u)     the termination or resignation of Liquidation Consultant, without the prior written consent of the Prepetition Agents;

(v)     the automatic stay shall be modified, reversed, revoked or vacated in a manner that has a material adverse impact on the rights and interests of the Prepetition Agents or any of the Prepetition Secured Parties, without the prior written consent of the Prepetition Agents; or

(w)     the entry of an order avoiding, disallowing, subordinating or recharacterizing any claim, lien, or interest held by the Prepetition Agents or any of the other Prepetition Secured Parties arising under the Prepetition Loan Documents.

6.     <u>Milestones</u>. Each Debtor shall satisfy or cause to be satisfied, as applicable, each of

the following conditions (each a "<u>Milestone</u>" and collectively the "<u>Milestones</u>").

(a)     On the Petition Date, the Debtors shall have filed motions or applications, as applicable, in form and substance satisfactory to the Prepetition Agents, (i) authorizing the Debtors to use Cash Collateral on terms and conditions acceptable to the Prepetition Agents, (ii) authorizing the Debtors to assume the Liquidation Consulting Agreement and to continue the GOB Sales, (iii) authorizing the Debtors to retain Hilco IP Services LLC (d/b/a Hilco Streambank) as consultant (the "<u>IP Consultant</u>") for the sale of the Debtors' intellectual property, and (iv) authorizing the Debtors to continue to retain Curt Kroll as the Debtors' CFO;

(b)     Within three (3) business days of the Petition Date, the Court shall have entered interim or final orders in form and substance, in each case, satisfactory to the Prepetition Agents, (i) authorizing the Debtors to use Cash Collateral on terms and conditions acceptable to the Prepetition Agents, (ii) authorizing the Debtors to assume the Liquidation Consulting Agreement and to continue the GOB Sales, (iii) authorizing the Debtors to retain the IP Consultant, and (iv) authorizing the Debtors to continue to retain Curt Kroll as the Debtors' CFO;

(c)     Within thirty five (35) days of the Petition Date, the Court shall have entered final orders in form and substance, in each case, satisfactory to the Prepetition Agents, authorizing the Debtors: (i) authorizing the Debtors to use Cash Collateral, (ii) authorizing the Debtors to assume the Liquidation Consulting Agreement and to continue the GOB Sales, (iii) authorizing the Debtors to assume the IP Consulting Agreement for the sale of the Debtors' intellectual property, and (iv) authorizing the Debtors to continue to retain Curt Kroll as the Debtors' CFO;

(d)     (Reserved);

(Page | 25)

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al*. |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

(e)     No later than February 6, 2026, the Debtors shall have designated a stalking horse bidder (acceptable to the Prepetition Agents) for the sale of the Debtors' intellectual property;

(f)     No later than February 9, 2026, the Debtors shall have filed a motion, in form and satisfactory to the Prepetition Agents, establishing bidding procedures and the right to designate a stalking horse bidder (if applicable) for the sale of the Debtors' intellectual property;

(g)     (Reserved);

(h)     No later than eighteen (18) days after the Petition Date, the Court shall have entered an order, in form and satisfactory to the Prepetition Agents, establishing bidding procedures and authorizing the Debtors to designate a stalking horse bidder for the sale of intellectual property owned by the Debtors;

(i)     No later than forty-five (45) days after the Petition Date, the Court shall have entered an order, in form and satisfactory to the Prepetition Agents, authorizing the sale of the Debtors' intellectual property;

(j)     No later than April 10, 2026, the Debtors shall have consummated the sale of the Debtors' intellectual property;

(k)     No later than April 30, 2026, the Debtors shall have completed all GOB Sales at all of the Debtors' retail store locations;

(l)     No later than [ninety (90)] days after the Petition Date, all unexpired leases for the Debtors' retail store location shall have been assumed and assigned or rejected; and

(m)     No later than [one hundred and twenty (120)] days after the Petition Date, payment in full in cash of all outstanding Prepetition Loan Obligations under the Prepetition Loan Facility.

7.     <u>Adequate Protection</u>.

(a)     <u>Adequate Protection Liens</u>. Subject to the Carve Out, as adequate protection for and to the extent of the amount of diminution in value from and after the Petition Date, of their interests in the Prepetition Collateral, including, without limitation, the aggregate amount of Cash Collateral used by any Debtor on a dollar for dollar basis, the imposition of the automatic stay, the

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

subordination to and funding of the Carve Out to the extent set forth herein, and any other reason

provided for under the Bankruptcy Code which causes diminution in the value of its interests in

the Prepetition Collateral (such diminution, a "Diminution in Value"), the Prepetition Agents, for

the benefit of themselves and the other Prepetition Secured Parties are hereby granted, pursuant to

sections 361, 363 and 507 (other than section 507(a)(1)) of the Bankruptcy Code, effective and

perfected upon the date of this Interim Order and without the necessity of the execution of any

mortgage, security agreements, control agreements, pledge agreements, financing statements, or

other agreements, or by possession or control, valid, binding, non-avoidable, enforceable and fully

perfected replacement and additional liens upon and security interests in all property, real or

personal, whether now existing or hereafter arising and wherever located, tangible and intangible,

of each of the Debtors, including: (i) all cash, cash equivalents, deposit accounts, securities

accounts, accounts, other receivables (including credit card receivables), chattel paper, contract

rights, inventory (wherever located), instruments, documents (including documents of title),

securities (whether or not marketable) and investment property (including all of the issued and

outstanding capital stock of each of its subsidiaries), hedge agreements, furniture, fixtures,

equipment, goods, franchise rights, trade names, trademarks, servicemarks, copyrights, patents,

license rights, intellectual property, general intangibles (including, for the avoidance of doubt,

payment intangibles), rights to the payment of money (including tax refunds, and any other

extraordinary payments), supporting obligations, guarantees, letter of credit rights, insurance

policies (and any and all claims thereunder) and the proceeds thereof, commercial tort claims,

causes of action, and all substitutions, indemnification rights, all present and future intercompany

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

debt, books and records related to the foregoing, accessions and proceeds of the foregoing, wherever located, including insurance or other proceeds; (ii) all proceeds of owned and leased real property; (iii) subject to and effective upon entry of a Final Order granting such relief, the proceeds of any avoidance actions brought pursuant to Chapter 5 of the Bankruptcy Code or applicable state law equivalents; (iv) subject to and effective upon entry of a Final Order granting such relief, proceeds of the Debtors' rights under section 506(c) (solely to the extent such rights result from the use of Postpetition Collateral (as defined below), and are, therefore, enforceable against parties other than the Prepetition Agents or the other Prepetition Secured Parties) and 550 of the Bankruptcy Code; and (v) all Prepetition Collateral that was not otherwise subject to valid, perfected, enforceable, and unavoidable liens on the Petition Date (collectively, to the extent acquired after the Petition Date, the "Postpetition Collateral" and, together with the Prepetition Collateral and the Cash Collateral, the "Collateral") to the extent of any Diminution in Value (the "Adequate Protection Liens").  The Adequate Protection Liens shall be junior and subordinate only to (A) the Prepetition Liens on the Prepetition Collateral, and (B) the Carve Out, and shall otherwise be senior to all other security interests in, liens on, or claims against any asset of a Debtor and all rights of payment of all other parties. Other than as set forth herein, the Adequate Protection Liens shall not be made subject to or *pari passu* with any lien or with any lien or security interest previously or hereinafter granted in any of the Chapter 11 Cases or any Successor Case (as defined below).  The Adequate Protection Liens shall be valid, binding and enforceable against any trustee or other estate representative appointed in any Case, upon the conversion of any of the Cases to a case under chapter 7 of the Bankruptcy Code (collectively, "Successor Cases") and/or upon the

| (Page \| 28) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

dismissal of any Chapter 11 Case or Successor Case.  For the avoidance of doubt, the Adequate Protection Liens shall not include any leasehold interests of the Debtors but shall include the proceeds from any sale, termination, or other disposition of any leasehold interests of the Debtors.

(b)     Adequate Protection Superpriority Claim.  Subject only to the Carve Out, as adequate-protection for the Diminution in Value of their interest in the Prepetition Collateral, the Prepetition Agents, for the benefit of themselves and the other Prepetition Secured Parties, are hereby granted as and to the extent provided by sections 503 and 507(b) of the Bankruptcy Code, an allowed superpriority administrative-expense claim in the Cases and any successor bankruptcy case (the "Adequate Protection Superpriority Claim").  The Adequate Protection Superpriority Claim shall be subordinate to the Carve Out solely to the extent set forth in this Interim Order, but otherwise shall have priority over all administrative expense claims, including administrative expenses of the kinds specified in or ordered pursuant to sections 503(b) and 507(b) of the Bankruptcy Code, and unsecured claims against each Debtor and each Estate now existing or hereafter arising, of any kind or nature whatsoever.

(c)     Default Interest.  Upon entry of this Interim Order and at all times during the Chapter 11 Cases until such time as all Prepetition Loan Obligations have been Paid in Full, to the extent permissible under the Bankruptcy Code, as adequate protection, the Prepetition Loan Obligations (other than the Committed Revolving B Loans) shall bear interest at the applicable Default Rate (as defined and set forth in the Prepetition Credit Agreement), which shall be payable to the Prepetition Agents in cash or capitalized to principal, on a monthly basis, at the Prepetition Lenders' option, as and when due under the Prepetition Credit Agreement.

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

(d)  <u>Weekly Cash Collateral Management Fee for Prepetition Secured Parties</u>.

In consideration of the Prepetition Agents and other Prepetition Secured Parties' consent to the Debtors' use of Cash Collateral and agreement to subordinate to the Carveout and other agreements of the Prepetition Secured Parties under this Interim Order (and any Final Order), the Debtors shall pay the Prepetition Agents, for the benefit of themselves and the other Prepetition Secured Parties, a cash management fee ("<u>Weekly Fee</u>") in the amount of $12,500 weekly.  The Weekly Fee shall be fully earned upon entry of this Interim Order and shall be paid to the Prepetition Agents in monthly installments until such time as the Prepetition Loan Obligations have been Paid in Full, and shall not be subject to refund, offset or rebate under any circumstances.

(e)  <u>Mandatory Paydown of Prepetition Loan Obligations</u>.  Commencing February [12], 2026, and continuing on the Thursday of each week thereafter until the Repayment Date,[6] the Debtors shall provide the Prepetition Agents and any statutory committees appointed in these cases with a calculation of the amount of all cash then on deposit in the Debtors' deposit accounts (excluding proceeds of Additional Agent Merchandise (as defined in the Liquidation Consulting Agreement)) in excess of an amount equal to the sum of 110% of the aggregate Operating Disbursements and Non-Operating Disbursements for the following one-week period as provided in the Budget (the "<u>Excess Proceeds</u>"), upon receipt of which the Prepetition Agents are hereby authorized and directed to immediately apply such Excess Proceeds in permanent reduction and repayment of the Prepetition Loan Obligations in accordance with the terms of the

---

[6] As used herein, "Repayment Date" means the date upon which the Prepetition Agents receives Payment in Full.

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Prepetition Loan Documents and this Interim Order; *provided*, that for any sales, dispositions, or proceeds of casualty or other insurance of all Collateral outside the ordinary course of the Debtors' business (excluding sales or dispositions of Collateral with respect to the GOB Sales conducted pursuant to the terms of the Liquidation Consulting Agreement) and all other sales of Collateral pursuant to section 363 of the Bankruptcy Code, such net sale proceeds (including net of any restructuring, sale, success, or other transaction fee of investment bankers, consultant or financial advisors of the Debtors that are due and payable in connection with the closing of such sale), in each case, shall be paid to the Prepetition Agents on the first business day following receipt and applied in permanent reduction and repayment of the Prepetition Loan Obligations until all such Prepetition Loan Obligations are Paid in Full in accordance with the Prepetition Loan Documents; *provided further*, that the foregoing payments shall be without prejudice to the rights of any third party, including, without limitation, any Committee (if appointed), to seek an appropriate remedy from the Court upon a successful Challenge, solely in accordance with and to the extent set forth in Paragraph 17(b); *provided further*, that upon request by the Debtors, the Prepetition Agents may, in their sole discretion and without further notice or order of the Court, reduce the amount of Excess Proceeds to be transferred an applied in accordance with this Paragraph 7(e) for any given week.  For the avoidance of doubt, any payments made on account of any Prepetition Loan Obligations pursuant to this Paragraph 7(e) shall be in in addition to scheduled paydowns of the Prepetition Loan Obligations set forth in the Budget.

(f)     <u>Disposition of Collateral</u>. The Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any portion of Collateral outside the ordinary course of business

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

other than in connection with the Liquidation Consulting Agreement as in effect and in the manner

such agreement is implemented as of the Petition Date, without (i) the written consent (which

writing may be e-mail) of the Prepetition Agents (and no such consent shall be implied, from any

other action, inaction or acquiescence by the Prepetition Agents) to such disposition and the terms

thereof, and (ii) in each case, an order of this Court.  Subject to and effective upon entry of a Final

Order granting such relief, none of the Prepetition Secured Parties with respect to the Collateral

and the Adequate Protection Liens, shall be subject to the equitifable doctrine of "marshaling" or

any other similar doctrine, and all proceeds thereof shall be received and used in accordance with

this Interim Order.

(g)     <u>Payment and Review of Lender Fees and Expenses</u>.  As further adequate

protection, the Debtors shall pay all fees and expenses under the Prepetition Loan Documents,

including, without limitation, the non-refundable payment to the Prepetition Agents of the

reasonable and documented attorney fees and expenses including, without limitation, the

reasonable and documented fees and out-of-pocket expenses of Greenberg Traurig, LLP, and any

other professional fees and expenses whether incurred before or after the Petition Date and whether

incurred in connection with the Prepetition Loan Documents, the Collateral, or the Chapter 11

Cases; *provided* that the Debtors shall pay all such reasonable fees and expenses within ten (10)

business days of delivery of a summary statement or invoice (the "<u>Review Period</u>") for such fees

and expenses (it being understood that such statements or invoices shall not be required to contain

time detail or be maintained in any particular format but shall include a general description of the

nature of the matters worked on, a list of professionals who worked on the matter, their hourly rate

| (Page | 32) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

(if such professionals bill at an hourly rate), the number of hours each professional billed and, with respect to the invoices of law firms, the year of law school graduation for each attorney, nor shall any such counsel or other professional be required to file any interim or final fee applications with the Court or otherwise seek Court's approval of any such payments) to the lead counsel to the Debtors, the U.S. Trustee and lead counsel to the Committee (if appointed), unless, within the Review Period, any of the Debtors, the U.S. Trustee or the Committee (if appointed) serves a written objection upon the requesting party, in which case, the Debtors shall pay only such amounts that are not the subject of any objection and the withheld amount subsequently agreed by the objecting parties or ordered by the Court to be paid. Any expenses sought to be reimbursed shall be specified, and broken out by type of expense. Such summary statements or invoices shall not constitute a waiver of the attorney client privilege or of any benefits of the attorney work product doctrine or any other evidentiary privilege or protection recognized under applicable law. To the extent any invoices are redacted, the U.S. Trustee reserves his right to seek to obtain unredacted copies of such invoices. If an objection to a professional's invoice is received within the Review Period, the Debtors shall pay the undisputed amount of the invoice within five (5) business days after the end of the Review Period without the necessity of filing formal fee applications, regardless of whether the invoiced amount arose or was incurred before or after the Petition Date, and the Court shall have jurisdiction to determine the disputed portion of such invoice if the parties are unable to resolve the dispute consensually. Any and all amounts paid by the Debtors pursuant to this Paragraph 7(g) are deemed permitted uses of Cash Collateral and not subject to the Budget or the Budget Compliance Report. No attorney, advisor, or other professional to the Prepetition

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al*. |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Agents shall be required to file an application seeking compensation for services or reimbursement of expenses with the Court.

(h)     <u>Cash Management</u>. The Debtors shall maintain their cash management arrangements in a manner consistent with that described in the applicable "first day" order.

(i)     <u>Lender Indemnity Account</u>. Upon the payment in cash to the Prepetition Agents in the amount of all outstanding Prepetition Loan Obligations, the Debtors are further authorized and directed to pay to the Prepetition Agents, for the benefit of the Prepetition Secured Parties, the sum of [$250,000] to be held by the Prepetition Agents in a non-interest bearing account as an indemnity reserve (the "<u>Lender Indemnity Reserve</u>") to secure contingent indemnification, reimbursement, or similar continuing obligations arising under or related to the Prepetition Loan Documents (the "<u>Lender Indemnity Obligations</u>").  The Lender Indemnity Reserve shall secure all costs, expenses, and other amounts (including reasonable and documented attorneys' fees) owed to or incurred by the Prepetition Agents related to the Prepetition Loan Documents, the Prepetition Loan Obligations or the Prepetition Liens, as applicable, whether in these Chapter 11 Cases or independently in another forum, court, or venue.  The Lender Indemnity Obligations shall be secured by a first priority lien on the Lender Indemnity Reserve and the funds therein (which lien shall not be subject to the Carve Out) and by a lien on the Collateral (subject in all respects to this Interim Order).  Payments of Lender Indemnity Obligations shall be made as and when they arise from cash on hand in the Lender Indemnity Reserve without further notice to or consent from the Debtors, any committee (if appointed), or any other parties in interest and without further order of this Court.  The Prepetition Agents (for themselves and on behalf of the

| (Page \| 34) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

other prepetition Secured Parties) shall retain and maintain the Prepetition Liens and the Adequate Protection Liens as security for the amount of any Lender Indemnity Obligations not capable of being satisfied from application of the funds on deposit in the Lender Indemnity Reserve. The Lender Indemnity Reserve shall be released to the Debtors at such time as the Prepetition Loan Obligations are Paid in Full.

(j)     <u>Further Adequate Protection Reservation</u>. Notwithstanding anything to the contrary set forth herein, the adequate protection granted by this Interim Order shall not impair or modify the application of section 507(b) of the Bankruptcy Code and is without prejudice to the Prepetition Agents' right to seek additional adequate protection from this Court.   Nothing contained herein shall be deemed a finding by the Court, or an acknowledgment by the Prepetition Agents that the adequate protection granted herein does in fact adequately protect the Prepetition Agents against any Diminution in Value of their interests in the Prepetition Collateral (including the Cash Collateral).   The use of Cash Collateral pursuant to the terms and conditions of this Interim Order and in accordance with the Budget shall not be deemed to be a consent by the Prepetition Agents to any other or further use of Cash Collateral or to the use of any Cash Collateral in any amount or for any purpose in excess of the amount set forth in the Budget for each such type of disbursement.

8.     <u>Limits on Lender Liability</u>. Subject to and effective upon entry of a Final Order granting such relief and subject to paragraph 17 herein, nothing in this Interim Order, the Prepetition Loan Documents or any other documents related thereto shall in any way be construed or interpreted to impose or allow the imposition upon the Prepetition Agents or the other

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

(Page | 35)

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Prepetition Secured Parties of any liability for any claims arising from any activities by the Debtors in the operation of their businesses or in connection with the administration of these Chapter 11 Cases. The Prepetition Secured Parties shall not, solely by reason of having made loans under the Prepetition Loan Documents, be deemed in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.*, as amended, or any similar federal or state statute). Nothing in this Interim Order shall in any way be construed or interpreted to impose or allow the imposition upon the Prepetition Secured Parties of any liability for any claims arising from the prepetition or postpetition activities of any of the Debtors. Without limitation to any other right of indemnification, the Debtors shall, and are hereby authorized to, indemnify and hold harmless the Prepetition Secured Parties and their affiliates and representatives from and against all losses, liabilities, claims, damages, penalties, actions, judgments, suits, expenses or disbursements of any nature whatsoever arising out of or relating to the Prepetition Loan Documents, this Interim Order, and the Debtors' use of Cash Collateral provided hereunder; *provided*, *however*, that the foregoing indemnity shall not apply to any actions of any indemnified parties determined in a final non-appealable judgment to constitute fraud, gross negligence, criminal acts, or willful misconduct. This indemnification shall survive and continue for the benefit of all such persons or entities.

9.    <u>Insurance</u>. At all times the Debtors shall maintain casualty and loss insurance coverage for the Collateral on substantially the same basis as maintained prior to the Petition Date.

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

The Debtors shall provide the Prepetition Agents and any statutory committees appointed in these cases with proof of the foregoing within five (5) calendar days of written demand and give the Prepetition Agents reasonable access to Debtors' records in this regard.

10.     <u>Proof of Claim</u>. Notwithstanding any notice, motion or other order entered by this Court in relation to the establishment of a bar date in any of the Chapter 11 Cases or any Successor Case to the contrary, the Prepetition Agents and the Prepetition Lenders will not be required to file proofs of claim or requests for approval of administrative expenses in any Chapter 11 Case or Successor Case. The acknowledgment by Debtors of the Prepetition Loan Obligations and the liens, rights, priorities and protections granted to or in favor of the Prepetition Agents in respect of the Prepetition Collateral as set forth herein and in the Prepetition Loan Documents shall be deemed a timely filed proof of claim on behalf of the Prepetition Agents and the Prepetition Lenders in each of the Chapter 11 Cases or Successor Cases.

11.     <u>Relief From the Automatic Stay</u>.

(a)     The automatic stay provisions of section 362 of the Bankruptcy Code are hereby modified to permit (i) the Debtors to implement and perform the terms of this Interim Order and (ii) the Debtors to create, and the Prepetition Agents to perfect, the Adequate Protection Liens granted hereunder. The Prepetition Agents shall not be required to file UCC financing statements or other instruments with any other filing authority to perfect the Liens, including the Adequate Protection Liens granted by this Interim Order or to take any other actions to perfect such liens, which shall be deemed automatically perfected by the docketing of this Interim Order by the Clerk of the Court, and deemed to be effective as of the Petition Date. If, however, the Prepetition Agents

| (Page \| 37) | |
| --- | --- |
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

shall elect for any reason to file, record or serve any such financing statements or other documents with respect to such liens, then the Debtors shall execute same upon request and the filing, recording or service thereof (as the case may be) shall be deemed to have been made at the time of the commencement of these Chapter 11 Cases on the Petition Date.

(b)    The automatic stay provisions of section 362 of the Bankruptcy Code and any other restriction imposed by an order of the Court or applicable law are hereby modified without further notice, application or order of the Court to the extent necessary to permit the Prepetition Agents to perform any act authorized or permitted under or by virtue of this Interim Order, the Prepetition Credit Agreement, the other Prepetition Loan Documents, as applicable, including, without limitation, (i) to implement the use of Cash Collateral authorized by this Interim Order, (ii) to take any act to create, validate, evidence, attach or perfect any lien, security interest, right or claim in the Collateral, including any adequate-protection liens, and (iii) to assess, charge, collect, advance, deduct and receive payments with respect to the Prepetition Loan Obligations, including, without limitation, all interests, fees, costs and expenses permitted under the Prepetition Loan Documents, and apply such payments to the Prepetition Loan Obligations.

(c)    In addition, and without limiting the foregoing, upon the occurrence of the Termination Date following a Termination Event, and after providing five (5) business days (the "Remedies Notice Period") prior written notice to (i) the Court, (ii) counsel for the Debtors, (iii) counsel for the Committee (if appointed), and (iv) the U.S. Trustee, and in accordance with the terms of this Interim Order, the Prepetition Agents shall be entitled, notwithstanding the automatic stay provisions of section 362 of the Bankruptcy Code, to take any action and exercise all rights

37

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

and remedies against the Collateral provided under this Interim Order, the Prepetition Loan Documents or applicable law that the Prepetition Agents may deem appropriate in their sole discretion to proceed against and realize upon the Collateral or any other assets or properties of Debtors' Estates upon which the Prepetition Agents have been or may hereafter be granted liens or security interests to obtain the full and indefeasible repayment of all Prepetition Loan Obligations, *provided*, that the Debtors may move, prior to the expiration of the Remedies Notice Period, for an expedited hearing before this Court to consider solely whether a Termination Event has occurred (with the Debtors bearing the burden of proof that a Termination Event has not occurred) and obtain an order from this Court finding that no Termination Event has occurred.  For the avoidance of doubt, the Remedies Notice Period shall run simultaneously from the date that Prepetition Agents provides any notice to the Debtors, the U.S. Trustee, and if appointed, the Committee, that is required pursuant to Paragraph 4 of this Interim Order.

(d)    Subject to and effective upon entry of a Final Order granting such relief, upon expiration of the Remedies Notice Period, the Prepetition Agents or any of the other Prepetition Secured Parties, to the extent allowed by applicable law, shall be permitted to (a) access and recover any and all Collateral and (b) enter onto any leased premises of any Debtor at which any Collateral is located and exercise all of the Debtors' rights and privileges as lessee under such lease in connection with an orderly liquidation of such Collateral; *provided*, *however*, in the case of clause (b), the Prepetition Agents and the other Prepetition Secured Parties can only enter upon a leased premises in accordance with (i) a separate written agreement by and between the Prepetition Agents and the Prepetition Secured Parties, as applicable, and any applicable landlord,

38

| (Page | 39) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

(ii) preexisting rights of the Prepetition Agents and the Prepetition Secured Parties, as applicable, and any applicable landlord under applicable non-bankruptcy law, (iii) consent of the applicable landlord, or (iv) entry of an order of this Court obtained by motion of the Prepetition Agents or any Prepetition Secured Party on such notice to the landlord as shall be required by this Court; *provided further, however*, solely with respect to rent due to a landlord of any such leased premises, the Prepetition Agents or any Prepetition Secured Party, as applicable, shall be obligated only to reimburse the Debtors for the payment of rent of the Debtors that first accrues after the expiration of the Remedies Notice Period in accordance with Paragraph 11(c) herein that is payable during the period of such occupancy by the Prepetition Agents or any Prepetition Secured Party, as applicable, calculated on a daily per diem basis; *provided further*, that nothing herein shall relieve the Debtors of their obligations pursuant to section 365(d)(3) of the Bankruptcy Code for the payment of rent that accrues prior to the Termination Date through and including any assumption and/or rejection of any lease.  Nothing herein shall require the Prepetition Agents or any Prepetition Secured Party to assume any lease or the obligations thereunder as a condition to the rights afforded in this Paragraph.

12.    <u>Reversal or Modification</u>. In the event that any or all of the provisions of this Interim Order are reversed or modified, the Secured Parties shall be entitled to all of the benefits and protections of sections 363(m) and 364(e) of the Bankruptcy Code.

13.    <u>No Waiver for Failure to Seek Relief</u>. The failure or delay of the Prepetition Agents to seek relief or otherwise exercise any of its rights and remedies under this Interim Order, the Prepetition Credit Agreement or the other Prepetition Loan Documents.

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

14.    <u>552(b) "Equities of the Case" Waiver</u>.  Subject to and effective upon the entry of a Final Order granting such relief, the Prepetition Agents shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code, and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Prepetition Agents with respect to proceeds, products, offspring or profits of any of the Prepetition Collateral.

15.    <u>506(c) Claims</u>.  Subject to and effective upon entry of the Final Order granting such relief, no costs or expenses of administration which have or may be incurred in the Cases shall be charged against the Prepetition Agents, their claims or the Prepetition Collateral pursuant to section 506(c) of the Bankruptcy Code without the prior written consent of the Prepetition Agents, and no such consent shall be implied from any other action, inaction or acquiescence by the Prepetition Agents.

16.    <u>Limitation on Use of Collateral</u>.  No Cash Collateral shall, directly or indirectly, be used to pay administrative expenses of the Debtors and or the Estates except for those operating expenses (including the statutorily required fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. §1930 and any interest due thereon) that are set forth in the Budget or with the prior written consent (which writing may be in e-mail) of the Prepetition Agents.  No Cash Collateral and the Carve Out may be used in connection with or to finance in any way: (a) any action, suit, arbitration, proceeding, application, motion or other litigation of any type (i) for the payment of any services rendered by the professionals retained by any Debtor or Committee, or other representative of any Estate, in connection with the assertion of or joinder in any claim, counterclaim, action, proceeding, application, motion, objection, defense or other contested matter,

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

the purpose of which is to seek, or the result of which would be to obtain, any order, judgment, determination, declaration or similar relief invalidating, setting aside, avoiding or subordinating, in whole or in part, any Prepetition Liens or Prepetition Loan Obligations, (ii) for monetary, injunctive or other affirmative relief against the Prepetition Agents, the Prepetition Lenders, any other Prepetition Secured Parties, or any Prepetition Collateral, or (iii) preventing, hindering or otherwise delaying the exercise by the Prepetition Agents, the Prepetition Lenders or other Prepetition Secured Parties of any rights under this Interim Order or the Prepetition Loan Documents; (b) objecting to or challenging in any way the claims, liens, or interests held by or on behalf of the Prepetition Agents; (c) asserting, commencing or prosecuting any claims or causes of action whatsoever, including, without limitation, any actions under chapter 5 of the Bankruptcy Code, against the Prepetition Agents, the Prepetition Lenders, any other Prepetition Secured Parties, or the Prepetition Liens; or (d) prosecuting an objection to, contesting in any manner, or raising any defenses to, the validity, extent, amount, perfection, priority, or enforceability of any of the Prepetition Liens, the Prepetition Loan Obligations or any other rights or interest of the Prepetition Agents, the Prepetition Lenders and/or the other Prepetition Secured Parties; *provided*, that up to an aggregate amount of $25,000 of (x) the proceeds of the Prepetition Collateral (including Cash Collateral) or (y) the Carve Out may be used by the Committee during the Challenge Period to investigate (but not to prosecute or challenge) the claims and liens of the Prepetition Agents and other potential claims, counterclaims, causes of action or defenses against the Prepetition Agents, the Prepetition Lenders and/or the other Prepetition Secured Parties.

17.     Effect of Debtors' Stipulations on Third Parties.

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

(Page | 42)

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

(a)      Except to the extent that a Challenge (as defined below) is timely and properly commenced during the Challenge Period (as defined below) by a party with requisite standing that results in a final and non-appealable judgment or order of this Court that is inconsistent with a stipulation contained herein, then subject to this Paragraph 17, each stipulation, admission, and agreement contained in this Interim Order including, without limitation, the Debtors' Stipulations, shall be binding upon the Debtors, their Estates and any successor thereto (including, without limitation, any chapter 7 or chapter 11 trustee appointed or elected for any of the Debtors) under all circumstances and for all purposes, and the Debtors are deemed to have irrevocably waived and relinquished all Challenges (as defined herein) as of the Petition Date.

(b)      Nothing in this Interim Order shall prejudice the rights of any Committee or any other party in interest, if granted standing by the Court, to seek, solely in accordance with the provisions of this Paragraph 17, to assert claims against the Pre-Petition Secured Parties, on behalf of the Debtors or the Debtors' creditors or to otherwise challenge the Debtors' Stipulations, including, but not limited to those in relation to (i) the validity, extent, priority, or perfection of the security interests, and liens of the Prepetition Secured Parties, (ii) the validity, allowance, priority, or amount of the Prepetition Loan Obligations, or (iii) any liability of the Prepetition Secured Parties with respect to anything arising from the Prepetition Loan Documents. Notwithstanding the immediately preceding sentence, any Committee (if appointed) or any other party in interest must, after obtaining standing approved by the Court, commence an adversary proceeding raising such claim, objection, or challenge, including, without limitation, any claim or cause of action against any of Prepetition Agents, the Prepetition Lenders, or the other Prepetition

4929-3043-1885, v. 34929-3043-1885, v. 34929-3043-1885, v. 2

| | |
|---|---|
| (Page | 43) | |
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Secured Parties (each, a "<u>Challenge</u>") no later than (i) with respect to any Committee (if appointed), the date that is sixty (60) days after the date of the Committee's formation, (ii) for any other party-in-interest that is not a chapter 7 trustee or chapter 11 trustee, the date that is sixty (60) days after the entry of Interim Order, or (iii) with respect to any chapter 7 trustee appointed in any Successor Case, prior to the expiration of the time period set forth in subsection (ii) above, no later than the date that is the later of (A) forty-five (45) days after the appointment of such trustee or (B) the expiration of the time period set forth in the foregoing subsection (ii) above (collectively, the "<u>Challenge Period</u>").  For the avoidance of doubt, any trustee appointed or elected in these Chapter 11 Cases shall, until the expiration of the Challenge Period, and thereafter for the duration of any timely Challenge commenced pursuant to this paragraph  (whether commenced by such trustee or commenced by any other party in interest on behalf of the Debtors' estates), be deemed to be a party other than the Debtors and shall not, for purposes of such Challenge, be bound by the acknowledgments, admissions, confirmations and stipulations of the Debtors in this Interim Order. The Challenge Period may only be extended with the written consent of the Prepetition Agents, prior to the expiration of the Challenge Period. Only those parties in interest who commence a Challenge within the Challenge Period may prosecute such Challenge.  As to (x) any parties in interest, including any Committee (if appointed), who fail to file a Challenge within the Challenge Period, or if any such Challenge is filed and overruled or otherwise finally resolved or adjudicated in favor of the Prepetition Agents, or (y) any and all matters that are not expressly the subject of a timely Challenge: (1) any and all such Challenges by any party (including, without limitation, any Committee, any chapter 11 trustee, any examiner or any other estate representative appointed in

43

| (Page | 44) | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

the Debtors' Cases, or any chapter 7 trustee, any examiner or any other estate representative appointed in any Successor Case), shall be deemed to be forever waived and barred, (2) all of the findings, Debtors' Stipulations, waivers, releases, affirmations, and other stipulations as to the priority, extent, and validity as to the claims, liens, and interests of the Prepetition Secured Parties, as applicable, shall be of full force and effect and forever binding upon the Debtors' Estates and all creditors, interest holders, and other parties in interest in the Chapter 11 Cases and any Successor Cases, and (3) any and all claims or causes of action against the Prepetition Secured Parties, as applicable, relating in any way to the Prepetition Loan Documents, Prepetition Loan Obligations, and Prepetition Liens, as applicable, shall be released by the Debtors' Estates, all creditors, interest holders, and other parties in interest in the Chapter 11 Cases and any Successor Cases.  The filing of a motion seeking standing to file a Challenge before the Challenge Period expires, which attaches a proposed complaint bringing a Challenge, shall extend the Challenge Period with respect to that party until two (2) business days after the Court approves the standing motion, or such other time period ordered by the Court in approving the standing motion.

(c)    Nothing in this Interim Order vests or confers on any person (as defined in the Bankruptcy Code), including any Committee, standing or authority to pursue any cause of action belonging to the Debtors or their Estates, including, without limitation, any Challenge with respect to the Prepetition Loan Documents or the Prepetition Loan Obligations.

18.    <u>Credit Bidding</u>.  Any Prepetition Secured Party shall have the right to credit bid up to the full amount of the applicable outstanding Prepetition Loan Obligations, including any accrued interest, fees, and expenses, in any sale of any Prepetition Collateral, whether such sale is

44

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

effectuated through sections 363, 1123 or 1129(b) of the Bankruptcy Code, by a chapter 7 trustee under section 725 of the Bankruptcy Code, or otherwise, to the extent permitted by section 363(k) of the Bankruptcy Code.

19.    <u>Proceeds of Subsequent Financing</u>.  If the Debtors, any trustee, any examiner with expanded powers, or any responsible officer subsequently appointed in these Chapter 11 Cases or any Successor Cases, shall obtain credit or incur debt pursuant to sections 364(b), 364(c), or 364(d) of the Bankruptcy Code at any time prior to the Prepetition Loan Obligations being Paid in Full, and such facilities are secured by any Prepetition Collateral or Postpetition Collateral, then all the cash proceeds derived from such credit or debt shall immediately be turned over to the Prepetition Agents to be applied in accordance with this Interim Order.

20.    <u>Binding Effect.</u>  This Interim Order shall be binding upon and inure to the benefit of the Prepetition Agents (for themselves and on behalf of the Prepetition Lenders) and the Debtors and their respective successors and assigns, including, without any limitation, any trustee, responsible officer, examiner, estate administrator or representative, or similar person appointed in a case for the Debtors under any chapter of the Bankruptcy Code.  No rights are entered under this Interim Order for the benefit of any creditor of the Debtors, any other party in interest in the Cases, or any other person or entities, or any direct, indirect or incidental beneficiaries thereof.

21.    <u>Inspection</u>.  Without limiting the rights of the Prepetition Agents contained in this Interim Order, the Prepetition Agents shall have the right, upon three (3) days written notice to the Debtors, at any time during the Debtors' normal business hours, to inspect, audit, examine, check, make copies of or extract from the non-privileged books, accounts, checks, orders, correspondence

4929-3043-1885, v. 3<s>4929-3043-1885, v. 3</s><s>4929-3043-1885, v. 3</s>4929-3043-1885, v. 2

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

and other records of the Debtors, and to inspect, audit and monitor all or any part of the Collateral, and the Debtors shall make all of same reasonably available to the Prepetition Agents and its representatives, for such purposes.

22.    <u>Limitation of Liability</u>. In permitting the use of the Prepetition Collateral or in exercising any rights or remedies as and when permitted pursuant to this Interim Order, subject to and effective upon entry of the Final Order granting such relief, neither the Prepetition Agents nor any other Prepetition Secured Party shall be deemed to be in control of the operations of the Debtors. Furthermore, nothing in this Interim Order shall in any way be construed or interpreted to impose or allow the imposition upon the Prepetition Agents or the other Prepetition Secured Parties of any liability for any claims arising from the prepetition or post-petition activities of any of the Debtors and their respective affiliates (as defined in section 101(2) of the Bankruptcy Code).

23.    <u>Effectiveness</u>.  The terms and conditions of this Interim Order shall be (i) effective and immediately enforceable upon its entry by the Clerk of the Court notwithstanding any potential application of Bankruptcy Rule 4001(a)(3), 6004(h), 6006(d), 7062, 9014, and any applicable Local Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, or otherwise; and (ii) not be stayed absent (a) an application by a party in interest for such stay in conformance with such Bankruptcy Rule 8007, and (b) a hearing upon notice to the Notice Parties.

24.    <u>Survival</u>.  The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (a) confirming any plan of liquidation in any of the Chapter 11 Cases, (b) converting any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, (c) dismissing any of the Chapter 11 Cases or Successor Cases, or (d)

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

pursuant to which this Court abstains from hearing any of the Chapter 11 Cases or Successor Cases; *provided*, that in the event there is later entered any order providing for either the conversion or dismissal of any one or more of the Chapter 11 Cases, such order(s) shall make express provision, among other things, for the survival and continuing force and effect of the terms and provisions of this Interim Order notwithstanding such conversion or dismissal. The terms and provisions of this Interim Order, as well as the Adequate Protection Superpriority Claim, the Adequate Protection Liens, and all other claims and liens (if any) granted by this Interim Order, shall (a) continue in this or any other superseding case under the Bankruptcy Code, (b) be valid and binding on all parties in interest, including, without limitation, any Committee, chapter 11 trustee, examiner or chapter 7 trustee, and (c) continue, notwithstanding any dismissal of any Chapter 11 Case or Successor Case (and any such order of dismissal shall so provide), and such claims and liens shall maintain their priority as provided by this Interim Order until the Prepetition Loan Obligations are Paid in Full.

25. <u>Discharge Waiver</u>. Subject to and effective upon the entry of the Final Order granting such relief, the Debtors expressly stipulate, and the Court finds and adjudicates that, neither the Adequate Protection Superpriority Claim nor the Adequate Protection Liens shall be discharged by the entry of an order confirming any plan of reorganization, notwithstanding section 1141(d) of the Bankruptcy Code, unless (i) the order is entered with the prior written consent of the Prepetition Agents or (ii) the Adequate Protection Superpriority Claim has been Paid in Full on or before the effective date of such plan.

| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
|---|---|
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

26.    <u>Reservation of Rights</u>.  Notwithstanding anything herein to the contrary, the entry of this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) the Prepetition Agents' right to seek any other relief in respect of the Debtors (including the right to seek additional adequate protection); (b) the Prepetition Agents' right to seek the payment by the Debtors of post-petition interest pursuant to section 506(b) of the Bankruptcy Code; or (c) any rights of the Prepetition Agents under the Bankruptcy Code or under non-bankruptcy law, including the right to (i) request modification of the automatic stay pursuant to section 362 of the Bankruptcy Code, (ii) request dismissal of any of the Chapter 11 Cases or Successor Cases, conversion of any of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, or appointment of a chapter 11 trustee or an examiner (with or without expanded powers), (iii) propose a chapter 11 plan, subject to section 1121 of the Bankruptcy Code, or (iv) consent in writing prior to the sale of all or any portion of the Collateral outside the ordinary course of the Debtors' business (and no such consent shall be implied or construed by any action or inaction by the Prepetition Agents). Other than as expressly set forth in this Interim Order, any other rights claims or privileges (whether legal, equitable or otherwise) of the Prepetition Agents are preserved.

27.    <u>Application of Proceeds</u>.  All proceeds of the Collateral received by the Prepetition Agents, and any other amounts or payments received by the Prepetition Agents in respect of the Prepetition Loan Obligations, may be immediately applied or deemed to be applied by the Prepetition Agents, in such manner and priority as the Prepetition Agents may determine in their sole discretion, in accordance with this Interim Order and the Prepetition Loan Documents.

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

Without limiting the generality of the foregoing, subject to Paragraph 7(g) herein to the extent applicable foregoing payments in this Paragraph 27 shall be without prejudice to the rights of any third party, including without limitation, any Committee, to seek an appropriate remedy from the Court upon a successful Challenge, solely in accordance with and to the extent set forth in Paragraph 17(b) herein.

28.     Governing Order. Notwithstanding the relief granted in any other order by the Court, (a) all payments and actions by any of the Debtors pursuant to the authority granted therein shall be subject to this Interim Order, including compliance with the Approved Budget (subject to permitted variances under the DIP Documents) and all other terms and conditions hereof, and (b) to the extent there is any inconsistency between the terms of such other order and this Interim Order, this Interim Order shall control, in each case, except to the extent expressly provided otherwise in the other order.

29.     Headings. Paragraph headings used herein are for convenience only and shall not affect the construction of, or to be taken into consideration in interpreting, this Interim Order.

30.     No Third-Party Rights. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary, which rights are hereby expressly disclaimed.

31.     Final Hearing. The Final Hearing is scheduled for [●], 2026, at [●] a.m. (prevailing Central Time) before this Court. The Debtors shall promptly serve copies of the Motion and this Interim Order (which shall constitute adequate notice of the Final Hearing) on each party that has filed a request for notices pursuant to Bankruptcy Rule 2002 with this Court, the U.S. Trustee, to

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

any Committee after the same has been appointed, or any Committee counsel, the largest 20 unsecured creditors of the Debtors, all parties known to the Debtors to be asserting liens against or security interest in, any of the Cash Collateral or Prepetition Collateral, the Internal Revenue Service, all state taxing authorities in the states in which the Debtors have any tax liabilities, any federal or state regulatory authorities governing the Debtors' industry (including the EPA and state equivalents if there is potential environmental liability), the Securities and Exchange Commission, the U.S. Attorney's Office, and all landlords, if their rights are affected.

32.    <u>Objections</u>.  Any objections or responses to the relief requested in the Motion on a final basis shall be filed with this Court by no later than [●] p.m. (prevailing Eastern Time) on [●], 2026 (the "<u>Objection Deadline</u>"), with copies served upon: (i) proposed counsel for the Debtors, Mandelbaum Barret PC (Attn: Jeffrey M. Rosenthal (JRosenthal@mblaw.com) and Vincent Roldan (VRoldan@mblaw.com)); (ii) counsel for the Prepetition Agents, Greenberg Traurig, LLP (Attn:    Jeffrey    M.    Wolf    (Jeffrey.Wolf@gtlaw.com),    Julia    Frost-Davies (Julia.FrostDavies@gtlaw.com), Alan  J.  Brody  (BrodyA@gtlaw.com),  and  Charlie  Liu (Charlie.Liu@gtlaw.com)); (iii) the Office of the United States Trustee for the District of New Jersey (Attn: Jeffrey M. Sponder (<u>jeffrey.m.sponder@usdoj.gov</u>) and Samantha S. Lieb (Samantha.lieb2@usdoj.gov); and (iv) counsel to the Committee, if appointed.

33.    <u>Retention of Jurisdiction</u>.  This Court has and shall retain exclusive jurisdiction to enforce this Interim Order according to its terms to the fullest extent permitted by law and such retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan

(Page | 51)

| | |
|---|---|
| Debtors: | FRANCESCA'S ACQUISITION, LLC, *et al.* |
| Case No. | 26-[●] ([●]) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief |

for any one or more of the Debtors notwithstanding the terms or provisions of any such chapter 11

plan or any order confirming any such chapter 11 plan.

## Exhibit B- Budget

Francesca's
Weekly Cash Flow Forecast

*DRAFT WORK IN PROGRESS  /  CONFIDENTIAL*

| | Post-Petition Forecast 0 | Post-Petition Forecast 1 | Post-Petition Forecast 2 | Post-Petition Forecast 3 | Post-Petition Forecast 4 | Post-Petition Forecast 5 |
|---|---|---|---|---|---|---|
| *week ending Friday* | Week Ending 2/6/2026 | Week Ending 2/13/2026 | Week Ending 2/20/2026 | Week Ending 2/27/2026 | Week Ending 3/6/2026 | Week Ending 3/13/2026 |
| **Cash Flow** | | | | | | |
| **Net Sales** | **3,934,361** | **6,541,856** | **6,614,640** | **6,924,641** | **4,550,106** | **5,278,711** |
| | | | | | | |
| **Receipts** | | | | | | |
| Credit Card & Cash Receipts | 1,219,126 | 6,704,645 | 6,888,103 | 6,914,131 | 6,253,623 | 5,294,775 |
| Transaction Proceeds | | | | | | |
| Other Non-Operating Receipts | - | - | 183,181 | 238,135 | - | - |
| Total Receipts | **1,219,126** | **6,704,645** | **7,071,283** | **7,152,265** | **6,253,623** | **5,294,775** |
| **Operating Disbursements** | | | | | | |
| Payroll & Taxes | - | 2,124,496 | 306,703 | 2,028,701 | 300,778 | 2,536,991 |
| Store Rent | - | - | - | - | 1,750,000 | - |
| Inventory | - | - | - | - | - | - |
| Sales Tax | - | - | 1,106,813 | - | - | - |
| Employee Benefits | - | 105,000 | 165,000 | 105,000 | 78,750 | 78,750 |
| Marketing | - | - | - | 150,000 | - | - |
| Other Operating Expenses / AP | 606,500 | 454,000 | 640,512 | 361,500 | 427,750 | 395,750 |
| Other | - | - | - | - | - | - |
| Total Operating Disbursements | **606,500** | **2,683,496** | **2,219,027** | **2,645,201** | **2,557,278** | **3,011,491** |
| **Operating Cash Flow** | **612,626** | **4,021,149** | **4,852,256** | **4,507,065** | **3,696,346** | **2,283,284** |
| **Cumulative Operating Cash Flow** | **612,626** | **4,633,776** | **9,486,032** | **13,993,096** | **17,689,442** | **19,972,726** |
| **Non-Operating Disbursements** | | | | | | |
| Debtor's Professionals | | | | | | |
| Restructuring Counsel | 45,000 | 45,000 | 45,000 | 45,000 | 45,000 | 45,000 |
| Local Counsel | - | | - | | | |
| CRO & Financial Advisor | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 |
| Investment Banker | | | | | | |
| Claims & Noticing Agent | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| UCC Costs | 8,333 | 8,333 | 8,333 | 8,333 | 8,333 | 8,333 |
| US Trustee Fees | - | | | | | |
| Lender Counsel | - | 35,000 | 35,000 | 35,000 | 35,000 | 35,000 |
| Total Debtor's Professionals | **128,333** | **163,333** | **163,333** | **163,333** | **163,333** | **163,333** |
| Additional Non-Operating Disbursements | | | | | | |
| Cash Interest and Fees | - | 12,500 | 12,500 | 492,422 | 12,500 | 12,500 |
| Liquidation Expense | - | 1,531,520 | 1,537,779 | 803,871 | 430,994 | 395,566 |
| D&O Tail Insurance | - | - | - | - | - | - |
| Other Contingency (503(b)(9) and other Admin Claims) | - | - | - | - | - | - |
| Total Additional Non-Operating Disbursements | - | 1,544,020 | 1,550,279 | 1,296,293 | 443,494 | 408,066 |
| Total Non-Operating Disbursements | **128,333** | **1,707,354** | **1,713,613** | **1,459,626** | **606,828** | **571,400** |
| **Net Cash Flow** | **484,293** | **2,313,796** | **3,138,643** | **3,047,438** | **3,089,518** | **1,711,885** |
| **Cumulative Net Cash Flow** | **484,293** | **2,798,089** | **5,936,732** | **8,984,170** | **12,073,688** | **13,785,573** |
| **Cash Balance** | | | | | | |
| Beginning Book Balance | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 |
| Net Cash Flow | 484,293 | 2,313,796 | 3,138,643 | 3,047,438 | 3,089,518 | 1,711,885 |
| Debt Borrowing (Repayment) | (484,293) | (2,313,796) | (3,138,643) | (3,047,438) | (3,089,518) | (1,711,885) |
| **Ending Book Balance** | **200,000** | **200,000** | **200,000** | **200,000** | **200,000** | **200,000** |
| **Total Liquidity (Cash+Availability)** | **3,820,030** | **1,673,053** | **3,245,460** | **3,208,991** | **3,023,663** | **1,203,417** |
| | | | | | | |
| **Revolver Schedule:** | | | | | | |
| Beginning Loan Balance | $23,220,689 | $22,736,396 | $20,422,600 | $17,283,957 | $14,236,519 | $11,147,001 |
| Borrowing Base Projected - Beginning of Week | 26,356,426 | 21,895,653 | 20,329,417 | 17,245,510 | 14,020,664 | 10,438,533 |
| Less: IP Availability Reserve | 0 | 0 | 0 | 0 | 50,000 | 0 |
| Borrowing Base - Net Available | $26,356,426 | $21,895,653 | $20,329,417 | $17,245,510 | $13,970,664 | $10,438,533 |
| Tranche A | 18,130,727 | 15,816,932 | 12,678,289 | 9,630,850 | 6,541,332 | 4,829,448 |
| Tranche B | 4,605,668 | 4,605,668 | 4,605,668 | 4,605,668 | 4,605,668 | 4,605,668 |
| **Total Loan Balance** | **$22,736,396** | **$20,422,600** | **$17,283,957** | **$14,236,519** | **$11,147,001** | **$9,435,116** |
| Remaining ABL Availability | $3,620,030 | $1,473,053 | $3,045,460 | $3,008,991 | $2,823,663 | $1,003,417 |