**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
(973) 736-4600
(973) 325-7467 Facsimile
Jeffrey M. Rosenthal
jrosenthal@mblawfirm.com
Vincent J. Roldan
vroldan@mblawfirm.com
Katie F. Warren
kwarren@mblawfirm.com
*Counsel for Francesca's Acquisition, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCESCA'S ACQUISITION, LLC, *et al.*,[1] | Case No. 26 -11312 (MEH) |
| Debtors. | (Jointly Administered) |

**DEBTORS' LIMITED OBJECTION TO MONTHLY FEE STATEMENT FILED BY
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM FEBRUARY 25, 2026, THROUGH AND INCLUDING MARCH 31, 2026**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their undersigned attorneys Mandelbaum Barrett PC ("Mandelbaum"), submit this limited objection (the "Objection") to the *Monthly Fee Statement for the Month of February 25, 2026 through March 31, 2026* (the "Fee Statement,)" filed by counsel to the Official Committee of Unsecured Creditors (the "Committee"), Fox Rothschild LLP ("Fox" or "Committee Counsel") [D.I. 393] and respectfully state as follows:

1.

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Francesca's Acquisition, LLC (3616); Francesca's Operations, Inc. (6872); Francesca's Administrative Management, Inc. (5788); and Francesca's IP Company, Inc. (9588). The Debtors' service address is 8760 Clay Road, Suite 100, Houston, TX 77080.

1

4897-9831-7735, v. 3

**Relevant Background**

2.      On February 5, 2026 (the "Petition Date"), the Debtors each commenced a case in the Bankruptcy Court for the District of New Jersey (the "Court") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") (collectively, the "Chapter 11 Cases"), which are jointly administered. The Debtors are authorized to continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On February 23, 2026, the Office of the United States Trustee (the "U.S. Trustee") filed its notice appointing members of the Committee to represent the creditor body in these Chapter 11 Cases [D.I. 163].

4.      On April 6, 2026, the Court approved the Committee retention of Fox as Committee Counsel [D.I. 372].

**Cash Collateral Order**

5.      On February 9, 2026, the Court entered the *Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 52] (the "Cash Collateral Order"), with its underlying budget for the proposed expenditure of cash collateral as **Exhibit A** (the "Budget").

6.      The lenders' cash collateral may only be used in compliance with the Cash Collateral Order for approved uses, to preserve and maximize the value of the assets of the estate. Approved uses for estate funds include ordinary course operating expenses, non-operating expenses, and bankruptcy expenses such as professional fees for certain activities. *See* Cash Collateral Order para. 3(a).

4897-9831-7735, v. 3

7.      The Cash Collateral Order establishes a "Debtor Pre-Carve Out Reserve" and a "Committee Pre-Carve Out Reserve", under which professional fees are set aside in trust. Cash Collateral Order para. 4(b)(i).

8.      The Cash Collateral Order strictly limits the circumstances under which the lenders' cash collateral may be used for professional fees, including by prohibiting allowance or payment of fees incurred in excess of those approved under the Interim CC Budget, or for activities not authorized by the Cash Collateral Order.[2]  See Cash Collateral Order para. 16 (prohibiting the use of Cash Collateral or the Carve Out for any Committee Counsel or estate professional activity involving litigation or contested matters including efforts to invalidate, avoid, subordinate, or recharacterize prepetition liens or obligations; seeking monetary, injunctive, or other affirmative relief against the Prepetition Agents, Lenders, or other secured parties; objecting to or challenging their claims, liens, interests, or rights; prosecuting any claims or causes of action (including Chapter 5 actions) against them; or otherwise hindering or delaying their exercise of rights under the order or loan documents).

9.      The final cash collateral hearing has been adjourned from time to time, and the Debtors, Prepetition Agent, and Committee are scheduled to mediate these issues on May 13, 2026.

**Fee Statements**

10.     On April 20, 2026, Committee Counsel filed its first Fee Statement [D.I. 393], seeking fees of $338,728.50 and expenses of $922.96. After holdbacks, the Committee seeks $271,905.76 (80% fees plus 100% expenses) for the time period February 25, 2026- March 31, 2026.

---

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Cash Collateral Order.

4897-9831-7735, v. 3

11.    On April 24, 2026, Committee Counsel filed an objection to the fees of Mandelbaum and SierraConstellation Partners LLC ("SCP") (collectively, the "Objection to Debtors' Professionals' Fees") [D.I. 396]. The Objection to Debtors' Professional Fees did not pose objection to a specific amount or the reasonableness of Mandelbaum's or SCP's fees but objected on the basis that payment of such fees presented a "real risk of administrative insolvency." *See* Objection to Debtors' Professionals' Fees para. 14.

12.    A chart summarizing the respective fees sought for March is below:

| Professional | Fees | Expenses | Fees (less 20% holdback) + Expenses |
|---|---|---|---|
| SCP [Dkt. 379] | $167,655.00 | 0.00 | $167,655.00 |
| Mandelbaum [Dkt. 389] | $283,580.50 | $2,302.25 | $229,166.65 |
| Fox Rothschild (February 25, 2026- March 31, 2026) [Dkt. 393] | $338,728.50 | $922.96 | $271,905.76 |

**Discussion**

a.    Objection to Fees In Excess of Carve-Out

13.    Per the Interim CC Budget, the Cash Collateral Order authorizes fees for Committee Counsel in the amount of $8,333.00 per week. For the period covered by Committee Counsel's Fee Statement, this equals a total of $41,665.00 for an approximate 5-week period.

14.    In its Fee Statement, Committee Counsel seeks total fees of $338,728.50 (the "Requested Fees"). *See* Fee Statement Section 1. This amount is almost $300,000 in excess of the amount allotted in the approved Interim CC Budget.  The Debtors hereby object to all fees sought in excess of $41,665.00.  The Debtors are not permitted to pay such amounts pursuant to the Cash Collateral Order.

b.    Objection to Fees For Activities Prohibited Under Cash Collateral Order

15.    The Debtors further object to all fees sought for activities prohibited under Para. 16 of the Cash Collateral Order. A cursory review of the Committee's fee statement reveals why

4

its professionals far exceeded the Carve Out (and even exceeded the fees incurred by the Debtors' attorneys):

a.  Eighteen timekeepers
b.  Over $40,000 in fees incurred with respect to litigations (avoidance and non-avoidance actions)
c.  Numerous time entries reflecting that the Committee was preparing a complaint against the Prepetition Agents (e.g.- March 26 Carver, March 27 Herz, March 29 and 30 Skolnick, March 30 Eisentrout)
d.  Over $90,000 in fees with respect to cash collateral, $30,000 in fees investigating the Prepetition Agents, and another $2,600 with respect to valuation

16.  It is clear the Committee seeks to pursue a scorched earth agenda against the Debtors' prepetition lenders.  As estate fiduciaries, it can choose to do so, but it alone must bear the risk of its actions and it must also act within reason.  In addition to the Committee Pre-Carve Out Reserve referenced above,  the Cash Collateral Order provides a $25,000 budget with which the Committee can investigate claims and liens of the Prepetition Agents and the Committee far exceeded that amount. *See* Cash Collateral Order para. 16.

17.  The Committee now asserts that these cases may be administratively insolvent, yet its professionals far exceeded the carve outs set forth in the Cash Collateral Order.  The Committee knew of the risks that its fees would not be paid.  *See In re Molycorp. Inc.,* 562 B.R. 67, 77 (Bankr. D. Del. 2017) ("in the event that a plan was not confirmed and the estate had become insolvent, the dollar-amount cap would have resulted in Paul Hastings not being compensated for all the work it has performed. That was a risk the Committee's Counsel consciously took.").

18.  Thus, in addition to fees in excess of its allotted carve out, the Debtors object to Committee fees that are not authorized under the Cash Collateral Order.

**Joinder**

5

19.    The Debtors hereby join any other objection filed to the Fee Statement.

## Reservation of Rights

20.    The Debtors reserve all rights to supplement or amend this Objection and to object to the allowance or payment of any professional fees or expenses at any interim or final stage. Nothing herein shall be deemed a determination regarding the ultimate allowance of Committee Counsel's fees under section 330 of the Bankruptcy Code, which issues are expressly reserved.

Dated:  Roseland, New Jersey
May 1, 2026                         MANDELBAUM BARRETT PC

                    By: */s/ Vincent J. Roldan*
                    3 Becker Farm Road, Suite 105
                    Roseland, New Jersey 07068
                    Jeffrey M. Rosenthal
                    jrosenthal@mblawfirm.com
                    Vincent J. Roldan
                    vroldan@mblawfirm.com
                    Katie F. Warren
                    kwarren@mblawfirm.com

6

4897-9831-7735, v. 3

4897-9831-7735, v. 3